UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

RHONDA HICKS,
a citizen and resident of New York,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
A Bermuda corporation d/b/a
NORWEGIAN CRUISE LINES,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RHONDA HICKS, a New York citizen and resident, sues Defendant NCL (BAHAMAS) LTD., a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES (NCL), and alleges:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff RHONDA HICKS is sui juris and is a resident and citizen of the State of New York.

3.     Defendant NCL (BAHAMAS) LTD. (NCL) is a Bermuda corporation doing business as NORWEGIAN CRUISE LINES, with its principal place of business in Miami,

Miami-Dade County, Florida.  NCL is therefore a citizen both of Bermuda and of Florida for purposes of this action.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship.  The Plaintiff is a citizen and resident of the State of New York, while the Defendant is deemed a citizen of Florida and of Bermuda for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties.  The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases.  The damages and injuries alleged in Paragraphs 13 and 14, including tibia, fibula and ankle fractures, support an award of damages in excess of $75,000.00.

5.      At all material times, Defendant NCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.      At all material times, NCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.      In the operative ticket contract, NCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.      Venue is also proper in this district because NCL's principal place of business is located within this district.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hicks v.NCL (Bahamas) Ltd.*
*Complaint*

9.      Plaintiff has complied with all conditions precedent to bringing this action.  The

Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract.  A

copy of the written notice of claim, dated October 12, 2018, is attached as Exhibit 1 and

incorporated by reference.

## LIABILITY AND DAMAGE ALLEGATIONS

## COMMON TO ALL COUNTS

10.      At all material times, Defendant NCL was engaged in the business of operating

maritime cruise vessels for fare paying passengers and for this purpose operated, among other

vessels, the "Pride of America."

11.      At all material times, Defendant NCL operated, managed, maintained and was in

exclusive control of the Pride of America, including the staircases on the vessel.

12.      At all material times, including the injury date of August 18, 2018,  the Plaintiff

was a fare paying passenger aboard the "Pride of America" and in that capacity was lawfully

present aboard the vessel.

13.      On August 18, 2018, while the Plaintiff was onboard the "Pride of America" as a

fare paying passenger, she was descending a staircase on Deck 12 of the vessel when she slipped

on a wet or slippery transient foreign substance on the stairs.  The Plaintiff thereby slipped, fell

and sustained serious injuries, including tibial, fibula and ankle fractures.

14.      As a direct and proximate result of the fall described in the preceding paragraph,

the Plaintiff was injured in and about her body and extremities, including tibial, fibula and ankle

fractures, suffered pain therefrom, and sustained mental anguish, disfigurement, disability and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

the inability to lead a normal life. Furthermore, she sustained loss of earnings and a loss of earning capacity in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE
## (VICARIOUS LIABILITY)

15.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

16.     At all material times Defendant NCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety.

17.     At all material times Defendant NCL was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "Pride of America" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

18.     At all material times there existed a hazardous condition on a staircase on Deck 12 of the "Pride of America," to-wit: water or a wet or slippery transient substance on the stairs.

19.     At all material times, the hazardous substance referred to in the preceding paragraph was in a high traffic area, a staircase on Deck 12 of the vessel, regularly traversed by large numbers of passengers and crewmembers on board the vessel.

20.     At all material times, the hazardous substance on the Deck 12 staircase referred to above had existed for a long enough period of time that NCL crewmembers responsible for

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

maintenance on the vessel should have detected it, so that NCL through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

21.      As an alternative to the allegations in the preceding paragraph, at all material times the hazard referred to above, a wet or slippery transient substance on an onboard staircase, recurred so frequently and regularly, both on NCL vessels in general and on the "Pride of America" in particular, that NCL crewmembers responsible for maintenance on the vessel should have been alert to its potential presence and detected it during routine inspection and maintenance, so that NCL through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

22.      As an alternative to the allegations in the preceding two paragraphs, at all material times NCL through its crewmembers acting in furtherance of the vessel's business had actual knowledge of the presence of the hazardous wet or slippery substance on the Deck 12 staircase and the hazard it posed.

23.      Notwithstanding the actual or constructive knowledge of NCL and its crewmembers alleged above, NCL's crewmembers on board the "Pride of America" responsible for maintenance of the vessel failed to detect or correct the hazardous condition of the staircase on Deck 12 before the Plaintiff slipped and  fell as alleged in Paragraph 13 above.

24.      The specific acts of negligence of NCL crewmembers responsible for maintenance of the Deck 12 staircase included failure to conduct routine inspections of the staircase to detect and correct hazards and failure to maintain the staircase.  Since these acts and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

omissions are acts and omissions of NCL crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, NCL is vicariously liable for these negligent acts and omissions by its crewmembers.

25.     As a direct and proximate result of the negligence of NCL crewmembers described above, for which NCL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against NCL for compensatory damages and the costs of this action  and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO CORRECT HAZARD
## (VICARIOUS LIABILITY)

26.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

27.     At all material times Defendant NCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety.

28.     At all material times Defendant NCL was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "Pride of America" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

29.     At all material times there existed a hazardous condition on a staircase on Deck 12 of the "Pride of America," to-wit: water or a wet or slippery transient substance on the stairs.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hicks v.NCL (Bahamas) Ltd.*
*Complaint*

30.    At all material times, the hazardous substance referred to in the preceding paragraph was in a high traffic area, a staircase on Deck 12 of the vessel, regularly traversed by large numbers of passengers and crewmembers on board the vessel.

31.    At all material times, the hazardous substance on the Deck 12 staircase referred to above had existed for a long enough period of time that NCL crewmembers responsible for maintenance on the vessel should have detected and corrected it, so that NCL through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

32.    As an alternative to the allegations in the preceding paragraph, at all material times the hazard referred to above, a wet or slippery transient substance on an onboard staircase, recurred so frequently and regularly, both on NCL vessels in general and on the "Pride of America" in particular, that NCL crewmembers responsible for maintenance on the vessel should have been alert to its potential presence and detected and corrected it during routine inspection and maintenance, so that NCL through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

33.    As an alternative to the allegations in the preceding two paragraphs, at all material times NCL through its crewmembers acting in furtherance of the vessel's business had actual knowledge of the presence of the hazardous wet or slippery substance on the Deck 12 staircase and the hazard it posed.

34.    Notwithstanding the actual or constructive knowledge of NCL and its crewmembers alleged above, NCL's crewmembers on board the "Pride of America" responsible

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

for maintenance of the vessel failed to detect or correct the hazardous condition of the staircase on Deck 12, by cleaning the staircase, cordoning off the hazardous area, or other appropriate corrective action, before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

35.     Since the negligent acts and omissions of NCL's crewmembers described above were acts and omissions of NCL crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, NCL is vicariously liable for these negligent acts and omissions by its crewmembers.

36.     As a direct and proximate result of the negligence of NCL crewmembers described above, for which NCL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against NCL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III - NEGLIGENT FAILURE TO WARN OF HAZARD
## (VICARIOUS LIABILITY)

37.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

38.     At all material times Defendant NCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

39.      At all material times Defendant NCL was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "Pride of America" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

40.      At all material times there existed a hazardous condition on a staircase on Deck 12 of the "Pride of America," to-wit: water or a wet or slippery transient substance on the stairs.

41.      At all material times, the hazardous substance referred to in the preceding paragraph was in a high traffic area, a staircase on Deck 12 of the vessel, regularly traversed by large numbers of passengers and crewmembers on board the vessel.

42.      At all material times, the hazardous substance on the Deck 12 staircase referred to above had existed for a long enough period of time that NCL crewmembers responsible for maintenance on the vessel should have detected it, so that NCL through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

43.      As an alternative to the allegations in the preceding paragraph, at all material times the hazard referred to above, a wet or slippery transient substance on an onboard staircase, recurred so frequently and regularly, both on NCL vessels in general and on the "Pride of America" in particular, that NCL crewmembers responsible for maintenance on the vessel should have been alert to its potential presence and detected it during routine inspection and maintenance, so that NCL through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hicks v.NCL (Bahamas) Ltd.*
*Complaint*

44.     As an alternative to the allegations in the preceding two paragraphs, at all material times NCL through its crewmembers acting in furtherance of the vessel's business had actual knowledge of the presence of the hazardous wet or slippery substance on the Deck 12 staircase and the hazard it posed.

45.     Notwithstanding the actual or constructive knowledge of NCL and its crewmembers alleged above, NCL's crewmembers on board the "Pride of America" responsible for maintenance of the vessel failed adequately to warn passengers including the Plaintiff of the hazardous condition of the staircase on Deck 12, by appropriate signs, markings, written or oral warnings, or otherwise, before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

46.     Since the negligent acts and omissions of NCL's crewmembers described above were acts and omissions of NCL crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, NCL is vicariously liable for these negligent acts and omissions by its crewmembers.

47.     As a direct and proximate result of the negligence of NCL crewmembers described above, for which NCL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against NCL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT IV - NEGLIGENT FAILURE TO PROMULGATE OR ENFORCE
## POLICIES (DIRECT LIABILITY)

10
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

48.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

49.     At all material times Defendant NCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety.

50.     At all material times Defendant NCL's duty of reasonable care referenced in the preceding paragraph included a duty to promulgate and enforce policies providing for adequate and timely inspection and maintenance of vessels it operated and controlled, including the "Pride of America."  This was duty owed directly by NCL to its passengers, including the Plaintiff.

51.     At all material times Defendant NCL failed to promulgate or enforce policies providing for adequate and timely inspection and maintenance of the staircases on the "Pride of America."

52.     Due to NCL's failure to promulgate and enforce policies providing for adequate and timely inspection and maintenance of the staircases on the "Pride of America," no such inspection and maintenance took place.

53.     At all material times there existed a hazardous condition on a staircase on Deck 12 of the "Pride of America," to-wit: water or a wet or slippery transient substance on the stairs.

54.     At all material times, the hazardous substance referred to in the preceding paragraph was in a high traffic area, a staircase on Deck 12 of the vessel, regularly traversed by large numbers of passengers and crewmembers on board the vessel.

55.     At all material times, the hazardous substance on the Deck 12 staircase referred to above had existed for a long enough period of time that, had NCL promulgated and enforced

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

policies providing for adequate and timely inspection of the onboard staircases, NCL crewmembers should and would have detected it before the time of Plaintiff's fall described in Paragraph 13 and would have had an opportunity to correct or warn of the condition before the Plaintiff fell.

56.     As an alternative to the allegations in the preceding paragraph, at all material times the hazard referred to above, a wet or slippery transient substance on an onboard staircase, recurred so frequently and regularly, both on NCL vessels in general and on the "Pride of America" in particular, that, had NCL promulgated and enforced policies providing for adequate and timely inspection of the onboard staircases, NCL crewmembers should and would have detected it before the time of Plaintiff's fall described in Paragraph 13 and would have had an opportunity to correct or warn of the condition before the Plaintiff fell.

57.     Notwithstanding the constructive knowledge of NCL and its crewmembers alleged above, due to NCL's failure to promulgate or enforce policies providing for adequate and timely inspection and maintenance of the staircases onboard the "Pride of America," no such inspection or maintenance took place and NCL failed to correct or warn of the condition before the Plaintiff fell as described in Paragraph 13.

58.     As a direct and proximate result of the negligence of NCL described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

**WHEREFORE,** the Plaintiff demands judgment against NCL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT V - NEGLIGENT DESIGN OF STAIRCASE

## (DIRECT LIABILITY)

59.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

60.     At all material times Defendant NCL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety.

61.     At all material times Defendant NCL's duty of reasonable care referenced in the preceding paragraph included a duty to design and install onboard staircases in a condition reasonably safe for passengers traversing those staircases, through the use of available non-skid stair surfaces having a reasonably safe coefficient of friction.

62.     At all material times Defendant NCL failed to install adequate non-skid surfacing materials on the staircases onboard the "Pride of America," resulting in an unsafe coefficient of friction on those staircases and in particular on the staircase on Deck 12 of the vessel.

63.     Since NCL's failure to install adequate non-skid surfacing materials on the staircases onboard the "Pride of America" and in particular on the staircase on Deck 12 of the vessel involved the design of the vessel, NCL is directly liable for this failure.

64.     Due to NCL's failure to install adequate non-skid surfacing materials on the staircases onboard the "Pride of America" and in particular on the staircase on Deck 12 of the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

vessel, the surface on the staircase at all material times had a coefficient of friction too low to be safe for passengers traversing the staircase such as the Plaintiff.

65.     At all material times, the staircase on Deck 12 of the vessel was in a high traffic area regularly traversed by large numbers of passengers and crewmembers on board the vessel.

66.     The hazardous condition of the staircase referred to above, its unsafely low coefficient of friction, had existed for a for a long enough period of time that NCL should have detected and corrected it before the time Plaintiff fell as described in Paragraph 13.

67.     As an alternative to the allegations in the preceding paragraph, the hazardous condition of the staircase referred to above, its unsafely low coefficient of friction, recurred so regularly and frequently on staircases on NCL vessels that NCL should have detected and corrected it before the time Plaintiff fell as described in Paragraph 13.

68.     As an alternative to the allegations in the preceding two paragraphs, NCL at all material times had actual knowledge of the hazardous condition of the staircase on Deck 12 of the "Pride of America."

69.     Notwithstanding the actual or constructive knowledge of NCL due to NCL's failure to install adequate non-skid surfaces on the staircase on Deck 12 of the "Pride of America," the staircase continued to exhibit an unsafe coefficient of friction at the time the Plaintiff fell as described in Paragraph 13.

70.     As a direct and proximate result of the negligence of NCL described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hicks v.NCL (Bahamas) Ltd.*
*Complaint*

**WHEREFORE,** the Plaintiff demands judgment against NCL for compensatory damages and the costs of this action  and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 1st  day of November, 2019.

> *s/NICHOLAS I. GERSON*
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> NICHOLAS I. GERSON
> Florida Bar No. 0020899
> ngerson@gslawusa.com
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> DAVID L. MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> RAUL G. DELGALDO II
> Florida Bar No. 94004
> rdelgado@gslawusa.com
> GERSON & SCHWARTZ, P.A.
> 1980 Coral Way
> Miami, Florida 33145
> Telephone:    (305) 371-6000
> Facsimile:    (305) 371-5749
> *Attorneys for Plaintiffs*